IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PAMELA BYRD, :
:
      Plaintiff :
:
VS. :
: 3 : 06-CV-80 (CDL)
MICHAEL J. ASTRUE,[1] :
Commissioner of Social Security, :
:
      Defendant. :

**RECOMMENDATION**

    The plaintiff herein filed this Social Security appeal on September 12, 2006, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

    The plaintiff filed initial applications for disability and Supplemental Security income benefits in December 2003, alleging disability since October 7, 2003, due to bilateral carpal tunnel syndrome, hypertension, lumbar-sacral strain, bilateral shoulder pain, cervical spondylosis, insomnia secondary to hand pain, and chronic pain syndrome. Her applications were denied initially and upon reconsideration. Following a hearing, the ALJ determined that the claimant was unable to perform any past relevant work, but that considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

significant number in the national economy that the claimant could perform. The Appeals Council denied review, and the plaintiff then filed this appeal. The plaintiff contends that the ALJ erred by finding that her combination of impairments did not meet applicable listings and failed to provide explicit credibility findings regarding her subjective testimony.

At the hearing before the ALJ on September 15, 2005, the plaintiff testified that she was 49 years of age and a high school graduate. Her past relevant work was as a fast food worker, although she had not worked since October 7, 2003 due to her carpal tunnel syndrome. She testified that this condition resulted in numbness, tingling and pain, and that although she wore wrist braces, they did not help and she continued to drop things. Carpal tunnel release surgery in 2004 did not result in improvement. The plaintiff also testified to suffering from lumbar-sacral strain, causing pain in her mid-back which occasionally radiated down her left leg. In November 2004, the plaintiff stated that she could not lift a can of beans, style her hair, or manipulate buttons. At the time of the hearing, the plaintiff did not have a treating physician due to her lack of health insurance.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th

Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Discussion*

*Listings*

The plaintiff initially argues that the ALJ erred by not finding that her combination of impairments equaled Listing 1.02B[2]. Listing 1.02B provides for a determination of disability based on

> [m]ajor dysfunction of a joint(s) . . . [c]haracterized by gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion and or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s), [w]ith: (B) [i]nvolvement of one major peripheral joint in each upper extremity (i.e. shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

In order to establish that her impairments meet or equal one or more of those set out in the

---

[2]The court notes that the plaintiff refers only to "Listing 1.00 B (2)", which is the designation for the general information section and requirements for listings pertaining to the musculoskeletal system. The language quoted by the plaintiff, however, comes from Listing 1.02B.

3

List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In arguing that the plaintiff's impairments are medically equal to Listing 1.02B, the plaintiff asserts that

> [a]t the SSA interview on January 20, 2004, the interviewer observed the Plaintiff had difficulty using her hands and writing. She cannot lift a can of beans. She cannot style her hair or manipulate buttons. She cannot use a can opener. It is hard for her to turn knobs. She complains of not being able to care for personal needs.

The plaintiff also points to findings in a post-hearing consultative examination of bilateral upper extremity pain with carpal tunnel syndrome; bilateral shoulder tendonitis, cervical spondylosis; and chronic pain syndrome, as well as restrictions on pushing or pulling with the upper extremities, overhead reaching, and extreme temperature or humidity changes.

The Commissioner argues that the plaintiff's carpal tunnel syndrome does not meet Listing 1.02B, noting that the ALJ specifically reviewed and discussed whether plaintiff's carpal tunnel syndrome met this listing, and found that it did not

> because it is not characterized by gross anatomical deformity with chronic pain and stiffness with signs of limitation of motion or other

4

> abnormal motion accompanied by appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint. There is also no indication of any inability on claimant's part to perform fine and gross movements effectively as defined in 1.00B2c . . .
>
> In terms of medical equivalence, no acceptable medical source designated by the Commissioner to make equivalency findings has indicated that the claimant's impairments are equivalent in severity to a listed impairment. Further, no treating or examining physician has reported medical findings indicating that the claimant's impairments are medically equivalent to a listed impairment.

R. at 16.

As the Commissioner argues, the plaintiff has not shown that her condition of carpal tunnel syndrome meets or equals Listing 1.02B, which requires that the plaintiff present specific medical findings of gross anatomical deformity, chronic joint pain and stiffness with signs of limitation of motion, and imaging results showing joint space narrowing, bony destruction, or ankylosis with involvement of one joint in each upper extremity resulting in an inability to perform fine and gross movements. The plaintiff has not shown that she suffers from a gross anatomical deformity, nor has she lost her ability to engage in fine or gross movements effectively. A November 2003 nerve conduction study showed only mild bilateral carpal tunnel syndrome, with only mild sensory disturbance in plaintiff's hand nerves, while a May 2004 nerve conduction study on plaintiff's left upper extremity showed normal results with no neuropathy. R. at 129, 138, 212. The progress notes following plaintiff's January 2004 left wrist carpal tunnel surgery indicate that although plaintiff "still has some soreness in her wrist", most of her pain was eliminated and her treating physician stated that she could return to all normal activities. R. at 139.

The ALJ also reviewed and discussed the findings of Dr. David G. Hollifield, who performed a consultative examination in November 2005. Dr. Hollifield found that the plaintiff was not in acute distress during the examination, and noted that she self-limited the range of motion in her shoulder, but when distracted had "full passive range of motion." R. at 232. Plaintiff also was found to have had unreliable responses to a grip strength test, and poor effort on a pinch strength test. R. at 232. Although he noted that plaintiff's shoulder range of motion was "pain limited", Dr. Hollifield found normal joint space and full range of motion in plaintiff's wrists without objective neurological findings. R. at 232.

*Credibility*

The plaintiff also argues that the ALJ failed to make a credibility finding with regard to her testimony, and improperly rejected the testimony of the Vocational Expert. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between

[plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

    The ALJ herein reviewed the claimant's testimony, noting her past work experience and testimony regarding exertional and non-exertional limitations and daily activities. The ALJ determined that

> [u]pon considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms. However, the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

    R. at 17.

The ALJ went on to find that the objective medical findings did not support the claimant's allegations of extensive limitations, and provided a detailed recitation of the medical evidence, including normal nerve conduction studies, progress notes showing general improvement in her carpal tunnel condition, and a November 2005 consultative examination showing normal coordination and reflexes and mild carpal tunnel syndrome bilaterally. Thus, contrary to the plaintiff's contentions, the ALJ provided specific and adequate reasons for discrediting her subjective testimony of disabling limitations and pain. The ALJ did consider the testimony of the Vocational Expert, as well, but was not required to accept the Vocational Expert's testimony based on limitations found not to be credible.

    Inasmuch as the Commissioner's final decision in this matter is supported by substantial

evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of July, 2007.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE